

**ENTERED**
**08/20/2020**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| ROSEHILL RESOURCES INC., *et al.*,[1] | Case No. 20-33695 (DRJ) |
| Debtors. | (Jointly Administered) |
| | Re: Docket No. 114 and 135 |

## ORDER ON MOTION TO LIFT THE AUTOMATIC STAY TO PERMIT PROSECUTION OF ACTION IN STATE COURT

Upon the *Motion to Lift Automatic Stay to Permit Prosecution of Action in State Court* (the "Motion")[2] filed by Lorenzo Vigil (the "Movant"); and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b); and the Court having found that venue of these cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having determined that it may enter a final order consistent with Article III of the United States Constitution; and it appearing that notice of the Motion has been given as set forth in the Motion and that such notice is adequate and no other or further notice need be given; and the Court having reviewed the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and the Court having determined that the relief sought in the Motion in accordance with the terms is in the best interests of the Debtors and their estates; and upon consideration of the foregoing and the

---

[1] The Debtors, along with the last four digits of each Debtor's tax identification number, are: Rosehill Resources Inc. (4262), and Rosehill Operating Company, LLC (1818). The Debtors' corporate headquarters and the mailing address for each Debtor is 16200 Park Row, Suite 300, Houston, TX 77084.

[2] All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

4830-7331-9623

parties' agreement expressed herein, the Court determines the Motion should be and is resolved as follows,

**IT IS HEREBY ORDERED THAT:**

1. The automatic stay imposed by the filing of these proceedings under section 362(a) of the Bankruptcy Code is modified in part solely to allow Movant to (a) proceed with the claims and causes of action pending in the proceeding of *Lorenzo Vigil vs. Yellowjacket Oilfield Services, LLC and Rosehill Resources Inc.*, Cause No. 2019-85450 pending in the 269th Judicial District Court for Harris County, Texas (the "State Court Litigation"), provided that the Movant's rights to pursue, recover, enforce, and/or collect any judgment or settlement against the Debtors or their estates in the State Court Litigation shall be limited to the extent of any coverage under any of the Debtors' applicable insurance policies (the "Insurance Policies"), and/or (b) commence, continue, prosecute, and/or defend, as applicable, any litigation, actions, and proceedings against the insurance carriers related to insurance coverage under any Insurance Policies for the claims and causes of action asserted in the State Court Litigation, in each instance subject to and consistent with this order (the "Order").

2. Subject to paragraph 1 of this Order, the automatic stay under section 362 of the Bankruptcy Code shall otherwise remain in full force and effect.

3. The Movant, by agreement and this Order, waives the right to file or assert any proof of claim against the Debtors' estates and waives any right to seek or receive any distribution from any of the Debtors, the Debtors' estates, or their successors, provided, however, that such waivers shall not constitute any waiver by the Movant of his right to (a) prosecute any claims and causes of action against the Debtors in the State Court Litigation to judgment, (b) settle any claims and causes of action against the Debtors in the State Court Litigation, (c) commence, continue, prosecute, and/or defend, as applicable, any litigation, actions, and proceedings against the insurance carriers related to insurance coverage under any Insurance Policies for the claims and causes of action asserted in the State Court Litigation, or (d) pursue, recover, enforce, and/or

collect any judgment or settlement in the State Court Litigation from the insurance carriers to the extent of any coverage under any of the Insurance Policies.

4. The Movant waives any argument that the Debtors, the Debtors' estates, or their successors shall be required to pay or otherwise satisfy (a) any self-insured retention or deductible liability, (b) any obligation to post any security or deposit with any insurer pursuant to the terms of the Insurance Policies, (c) any defense costs, (d) any portion of a judgment or settlement that exceeds the aggregate available coverage under the Insurance Policies, or (e) any other costs of any kind, including, without limitation, any claims by any insurer against the Debtors, the Debtors' estates, or their successors arising from the State Court Litigation.

5. Any claims and causes of action held by the Movant against any of the Debtors or any of the Debtors' estates which arose subsequent to July 26, 2020, the petition date in the above-captioned chapter 11 cases, and are unrelated to the State Court Litigation or this Order, are unaffected by this Order and nothing contained herein shall constitute any waiver by the Movant of any such post-petition claims and causes of action or any rights of the Movant related thereto.

6. Notwithstanding the applicability of Bankruptcy Rule 4001(a)(3), this Order shall be immediately effective and enforceable upon the Effective Date.

7. The Debtors are authorized to take all steps necessary or appropriate to carry out the relief granted in this Order.

8. This Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

**Signed: August 20, 2020.**

_____
DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE